**SIGNED THIS: February 01, 2006**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In Re                              )
                                   )    In Bankruptcy
DONALD ELTON LICHTENBERGER,        )
                                   )    Case No. 05-74863
          Debtor.                  )

## O P I N I O N

This matter is before the Court on the Motion for Summary Judgment filed by Jeffrey D. Richardson, Chapter 7 Trustee ("Trustee") and the Objection to the Trustee's Motion for Summary Judgment filed by Donald Elton Lichtenberger ("Debtor").

Debtor filed his voluntary Chapter 7 petition in bankruptcy on September 14, 2005. Debtor's bankruptcy schedules stated that the Debtor is retired and that his sole source of income is $792 per month in Social Security benefits. Debtor's schedules also stated

-1-

that Debtor owned no real estate, that he had a bank account at Union Planters Bank in Decatur with a balance of $3,435.79, as well as household furnishings valued at $750 and an unencumbered 1997 Buick LeSabre valued at $3,000.

Debtor exhausted his motor vehicle and "wild-card" exemption by claiming the household furnishings and 1997 Buick as exempt. Debtor's schedules also claimed that the entire balance of $3,435.79 in Union Planters Bank was exempt pursuant to 735 ILCS § 5/12-906 (homestead sale proceeds) and 735 ILCS § 5/12-704 (pension or retirement fund benefits).[1] The Trustee objected to the exemption claim in the Union Planters Bank account, challenging both theories for Debtor's claim of exemption. The Debtor subsequently withdrew his claim of exemption as homestead sale proceeds, but continues to assert his claim of exemption as a Social Security benefit. The parties agree that the only issues

---

[1] Debtor cited 735 ILCS § 5/12-704 on his Schedule C and also cited 42 U.S.C.A. § 407(a) and 735 ILCS § 5/12-1006 in his Memorandum of Law in opposition to the Trustee's Motion. Debtor's citation of 735 ILCS § 5/12-704 is incorrect inasmuch as this provision pertains to garnishment proceedings, not Bankruptcy cases. In re Lyons, 118 B.R. 634 (C.D. Ill. 1990) *aff'd* 957 F.2d 444 (7th Cir. 1992). Debtor's citation of 735 ILCS § 5/12-1006 also appears to be incorrect as that provision generally exempts IRA accounts and other pension benefits. The correct Illinois citation is 735 ILCS § 5/12-1001(g)(1) which renders exempt, *inter alia*, a debtor's right to receive a social security benefit. Also, 42 U.S.C.A. § 407(a) does provide a basis for claiming the benefits as exempt. Because the Trustee acknowledges that Social Security benefits are exempt, the Debtor's improper citation of authority for that proposition did not affect the Court's analysis or decision.

raised in this dispute are legal and not factual, so the issue of whether and to what extent the funds on deposit at Union Planters Bank are exempt is before the Court on the Trustee's Motion for Summary Judgment.

In May, 2004, Debtor deposited into the Union Planters Bank account the proceeds from the sale of his residence.  Because the sale proceeds were received more than one year prior to the Debtor's bankruptcy filing, Debtor admits that the sales proceeds are not exempt property.  *See* 735 ILCS § 5/12-906.

The parties agree that (i) of the funds on deposit in May, 2004, $130.99 is traceable to Social Security proceeds, (ii) Debtor's monthly Social Security benefit is and has been directly deposited into the Union Planters Bank account since prior to May, 2004, (iii) Social Security benefits are exempt property under Illinois and federal law, (iv) after May, 2004, the only funds deposited into the Debtor's account until the date of the bankruptcy filing were Social Security benefits, and (v) from May 20, 2004, until the date of the bankruptcy filing, the lowest balance in the Debtor's Union Planters Bank account was $2,027.31 on December 31, 2004.

Trustee contends that the appropriate method for tracing the funds in the Union Planters Bank account and determining to what extent the funds are exempt is the lowest intermediate balance method.  In this case, Debtor had $130.99 in the account in May,

2004 before the now non-exempt homestead sale proceeds were placed in the Union Planters Bank account.  The lowest balance in the account thereafter was $2,027.31.  When $130.99 is subtracted from the lowest balance, $1,896.32 remains and, according to the Trustee, is not exempt and should be surrendered.

The Debtor contends that the proper manner for tracing the funds and determining to what extent they are exempt, is the first-in, first-out method.  Under the Debtor's theory, all of the homestead sale proceeds and any other non-exempt deposits into the Union Planters Bank account were spent long ago, and the balance in the account at the time of filing - $3,435.79 - consists of the last four and some portion of the fifth most recent monthly deposits of Social Security benefits.  Hence, under the first-in, first-out method, the entire amount in the account would be exempt.

A party objecting to a claim of exemption bears the burden of proving that the exemption is not properly claimed. Fed.R.Bankr.P. 4003(c).  The personal property exemption statutes are to be construed liberally to protect debtors.  In re Barker, 768 F.2d 191, 196 (7th Cir. 1985); In re Whalen, 73 B.R. 986, 989 (C.D. Ill. 1987); In re Allman, 58 B.R. 790, 793 (Bankr. C.D. Ill. 1986).  If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen.  In re Dealey, 204 B.R. 17, 18 (Bankr. C.D. Ill. 1997); In re Jackson, 95 B.R. 590, 593 (Bankr. C.D. Ill.

1989).

Under Illinois law, commingling non-exempt funds with exempt funds does not transmute the exempt funds into non-exempt assets. In re Estate of Merritt, 272 Ill.App.3d 1017, 1020-21, 651 N.E.2d 680, 682, 209 Ill.Dec. 502, 504 (1995); Internal Medicine Associates of Decatur, S.C. v. Patterson, 244 Ill.App.3d 704, 705, 613 N.E.2d 1, 2, 184 Ill.Dec. 231, 232 (1993). However, the exempt funds must be reasonably traceable to retain their exempt status. Merritt, *supra*, 272 Ill.App.3d *at* 1021, 651 N.E.2d *at* 682, 209 Ill.Dec. *at* 504. Social Security benefits that are reasonably traceable retain their exemption, even if commingled with non-exempt funds in the same bank account. Merritt, *supra*, 272 Ill.App.3d *at* 1021, 651 N.E.2d *at* 682, 209 Ill.Dec. *at* 504; In re Moore, 214 B.R. 628, 631 (Bankr. D. Kan. 1997).

There are four methods that courts routinely employ in tracing funds: (i) the lowest intermediate balance approach, (ii) the last-in, first-out approach, (iii) the pro-rata approach, and (iv) the first-in, first-out approach. *See* United States v. Lowrance, 2002 WL 31987131 *at* 3 (N.D. Okla. 2002), *citing* United States v. Banco Cafetero Panama, 797 F.2d 1154, 1159 (2d Cir. 1986). Use of the different approaches yields different results. Courts have used the lowest intermediate balance approach most often when tracing in a conversion action. Lowrance, *supra*, (citations omitted). In 2001, the Tenth Circuit Court of Appeals limited the instances in

-5-

which use of the lowest intermediate balance approach is appropriate.  In re Foster, 275 F.3d 924, 927 (10th Cir. 2001). "The lowest intermediate balance rule is an equitable fiction that should not be employed where equity does not warrant the result." Id.

Trustee cites the case of In re JD Services, Inc., 284 B.R. 292 (D. Utah 2002) in support of his contention that the lowest intermediate balance method is the appropriate method for tracing in this case.  The lowest intermediate balance method is also cited with approval by the Illinois Supreme Court in C. O. Funk & Sons, Inc. v. Sullivan Equipment, Inc., 89 Ill.2d 27, 431 N.E.2d 370, 59 Ill.Dec. 85 (1982):

> The rule, which operates on a common-sense view that dollars are fungible and cannot practically be earmarked in an account, provides a presumption that proceeds remain in the account as long as the account balance is equal to or greater than the amount of the proceeds deposited.  The proceeds are "identified" by presuming that they remain in the account even if other funds are paid out of the account.

Id. 89 Ill.2d *at* 31, 431 N.E.2d *at* 372, 59 Ill.Dec. *at* 87.

The lowest intermediate balance method is a tracing theory which derives from the law of trusts.  *See* Brown & Williamson Tobacco Corp. v. First National Bank of Blue Island, 504 F.2d 998 (7th Cir. 1974).  In fact, the case cited by the Trustee - In re JD Services, Inc., *supra* - deals with a constructive trust question.

Many of the cases which discuss the lowest intermediate

-6-

balance method are Uniform Commercial Code cases, and many of those cases make reference to the fact that the U.C.C. contemplates that its provisions be supplemented by "principles of law and equity." *See* 810 ILCS § 9-1-103; Van Diest Supply Co. v. Shelby County State Bank, 425 F.3d 437, 440 (7th Cir. 2005); C. O. Funk & Sons, Inc. v. Sullivan Equipment, Inc., *supra*, 89 Ill.2d *at* 31, 431 N.E.2d *at* 372, 59 Ill.Dec. *at* 87.

Principles of law and equity are certainly germane when evaluating claims of exemption in bankruptcy. As stated above, it is long settled precedent that personal property exemptions are to be construed liberally in favor of debtors. Accordingly, this Court finds the cases cited by the parties which do not involve exemption issues to be of limited value. In point of fact, neither party cited - nor was the Court able to find - any Illinois cases involving exemptions which discuss tracing of commingled funds in a bank account. Thus, there is no binding precedent for the Court to follow to determine which tracing method to apply here.

The Court does, however, find the analysis in In re Moore, *supra*, most instructive. In that case, the trustee argued that Social Security proceeds lost their exempt status when they were placed into a checking account with non-exempt retirement funds. The court rejected that argument, and found that Social Security benefits are protected even if they are commingled in a savings or checking account with funds from other sources. 214 B.R. *at* 631.

-7-

The court went on to cite with approval the case of <u>NCNB Financial Services, Inc. v. Shumate</u>, 829 F.Supp. 178 (W.D. Va. 1993), *aff'd sub nom* <u>Nationsbank of North Carolina, N.A. v. Shumate</u>, 45 F.3d 427 (4th Cir. 1994), *cert. denied sub nom* <u>Shumate v. NationsBank</u>, 515 U.S. 1161, 115 S.Ct. 2616, 132 L.Ed.2d 859 (1995), which held that a Social Security recipient is entitled to protection as to those funds that are reasonably traceable to Social Security income using the first-in, first-out accounting method. <u>Id.</u> *at* 181.

The first-in, first-out method of tracing funds has been utilized and approved in other contexts by Illinois state courts:

> The first-in, first-out principle is one of the rules of law which determines the ordinary application of voluntary payments or withdrawals when the parties have made no application for themselves and the circumstances of the case do not require a different application. The rule will not be applied where it produces an unjust result.

<u>Village of Winfield v. Reliance Ins. Co.</u>, 64 Ill.App.2d 253, 212 N.E.2d 10, 12-13 (1965).

Guided by the principle that exemptions are to be construed liberally in favor of debtors, the Court finds the analysis in <u>Moore</u> to be sound, and further finds that the first-in, first-out method is the appropriate manner for determining the source and identity of the funds in the Debtor's Union Planters Bank account. Utilizing the first-in, first-out method, the funds in the account are traceable in their entirety to exempt Social Security benefits. The homestead sale proceeds and any other non-exempt deposits into

the Union Planters Bank account were depleted long before the Debtor filed his bankruptcy petition, and the $3,435.79 in the account consists of the last four and some portion of the fifth most recent monthly Social Security benefit payments made to the Debtor.

For the reasons set forth above, the Trustee's Motion for Summary Judgment is denied. When a party moves for summary judgment, the court may grant summary judgment for either party. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554 (1986). Based upon the rationale set forth herein, summary judgment shall be granted in favor of the Debtor.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

# # #